UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NEKO OSMOND GORDON,

Petitioner,

v.

BRIAN ENGLISH,

Respondent.

CAUSE NO. 3:26-CV-563-CCB-SJF

## <u>OPINION AND ORDER</u>

Immigration detainee Neko Osmond Gordon, representing himself, filed a

petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully

confined in violation of the laws or Constitution of the United States. ECF 1. The

Warden answered the petition, and Gordon has replied. ECF 7, ECF 10. The petition is

ready to be decided.

### <u>BACKGROUND</u>

Gordon is a citizen and native of Jamaica who entered the United States in 2014

on a nonimmigrant, B2 visitor visa with permission to be in the United States until

September 14, 2014. ECF 7-1 at 10. He remained in the United States beyond his

authorized time.

In 2020, Gordon was issued a Notice to Appear, charging him with being

removable under 8 U.S.C. § 1227(a)(1)(B) for remaining in the United States for a time

longer than permitted following admission as a nonimmigrant. ECF 7-1 at 1-4. In 2022,

Gordon was ordered removed in absentia after he did not attend the hearing. *Id.* at 5-7.

In August 2024, ICE ERO encountered Gordon in a New Jersey jail following an arrest for the crime of receiving stolen property and resisting arrest. ECF 7-1 at 9-10. Following his detention by ICE, Gordon successfully re-opened his removal proceedings. *Id.* at 12-13. He was ordered removed to Jamaica on June 12, 2025. ECF 7-1 at 25-28. He appealed to the Board of Immigration Appeals (BIA), which affirmed the removal order and dismissed the appeal on March 12, 2026. ECF 7-1 at 30-37.

On March 18, 2026, Gordon filed a petition for review and a motion for stay of removal with the Second Circuit, both of which remain pending. *See Gordon v. Blanche*, No. 26-660 (2d Cir. docketed Mar. 18, 2026). Pursuant to a forbearance policy in the Second Circuit, ICE will not pursue removal while the motion for a stay is pending. *See In re Immigr. Petitions for Rev. Pending in U.S. Ct. of Appeals for Second Cir.*, 702 F.3d 160, 162 (2d Cir. 2012).

On April 20, 2026, Gordon signed this habeas petition and submitted it for filing, arguing his detention under 8 U.S.C. § 1226(a) has become so prolonged that due process requires that he receive a second bond hearing.

In answering the petition, the Warden argues Gordon is not detained under § 1226(a) because his detention switched to 8 U.S.C. § 1231(a) once the BIA decided his appeal. Therefore, the Warden continues, Gordon filed his petition while he was still in the 90-day "removal period," during which detention is mandatory, so his petition should be denied.

In reply, Gordon discusses an interview he had in November 2024 with a Jamaican counselor for his travel document to Jamaica and was told by an ICE officer

that he would get a response from Jamaica within 30 days. He says that since his transfer to Miami Correctional Facility on October 30, 2025, he has not spoken to an ICE officer or received any information about his deportation until April 23, 2026, when he received notice of a custody review. The Notice to Alien of File Custody Review, informed him of a scheduled custody review on May 12, 2026, and advised him that he may present evidence in support of his release. ECF 7-1 at 44-45. He says, though, that the custody review did not happen. He argues his total time in detention—more than 21 months—is unreasonable. He discusses the hardship his detention has had on his family because he played a big role in his children's life, such as taking them to their doctor's appointments and to school. He has a job offer at an auto mechanic's shop waiting for him upon his release.

## SUBJECT MATTER JURISDICTION

The Warden argues that this court lacks subject matter jurisdiction over the petition. This court has thoroughly considered its jurisdiction to review immigration detention under 8 U.S.C. §§ 1225, 1226, and 1231. For the reasons previously stated, jurisdiction is secure. *See Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, 1-4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (regarding § 1231); *Liang v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at 1 (N.D. Ind. Mar. 26, 2026) (Leichty, J.) (regarding § 1231); *Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.) (regarding § 1225 and § 1226); *De Jesús Aguilar v. English*, No. 3:25cv898, 2025 WL 3280219, at 2-5 (N.D. Ind. Nov. 25, 2025) (Leichty, J.), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026) (regarding § 1225 and § 1226).

3

MERITS

Immigration detention "pending a decision on whether the alien is to be removed from the United States" is governed by 8 U.S.C. § 1226 (though some noncitizens are instead subject to detention under 8 U.S.C. § 1225 while their removal proceeding are pending). However, authority for a noncitizen's detention switches to 8 U.S.C. § 1231 once he enters the 90-day removal period, designated to begin on the latest of:

> **(i)** The date the order of removal becomes administratively final.[1]
>
> **(ii)** If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> **(iii)** If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Detention during the removal period is mandatory while the government works to effectuate the removal. 8 U.S.C. § 1231(a)(1)(A), (a)(2)(A).

The Warden argues Gordon entered the "removal period" when the BIA dismissed his appeal on March 12, 2026. The Warden does not address the effect of the forbearance policy on the start of the removal period, but this court has held that the forbearance policy applicable in the Second Circuit is not equivalent to a court-ordered stay so as to delay the onset of the removal period. *See Gomez Lacayo v. English*, No. 3:26-CV-502-CCB-SJF, 2026 WL 1947754, at *2-*3 (N.D. Ind. July 6, 2026) (Brisco, J.) ("[T]he court concludes that the government's agreement to forbear removals while petitions for review are pending in the Second Circuit is a voluntary decision for the government

---

[1] An order of removal becomes administratively final on the earlier of "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B).

to exercise discretion not to remove a noncitizen during the removal period. It is not equivalent to a court-ordered stay of removal in § 1231(a)(1)(B) that would delay the onset of the removal period.").

Therefore, Gordon is being held under § 1231, not § 1226. As a result, he is not statutorily entitled to seek release on bond in a custody redetermination. *See generally Johnson v. Guzman Chavez*, 594 U.S. 523 (2021) (discussing the differences between detention under § 1226 and § 1231). Instead, he must be detained during the 90-day removal period. *See* 8 U.S.C. § 1231(a)(2)(A). For Gordon, that period ended on June 10, 2026.

Although Gordon is now outside the removal period, the statute authorizes further detention for several groups of noncitizens: (1) those who are inadmissible under 8 U.S.C. § 1182, (2) those who are removable under 8 U.S.C. §§ 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) for certain criminal convictions, or (3) those who have "been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6). All other noncitizens who have not been removed in that 90-day period are to be released subject to supervision. 8 U.S.C. § 1231(a)(3).

For those noncitizens who are subject to continued detention under § 1231(a)(6), the statute seemingly authorizes indefinite detention if their removal cannot be carried out. But the Supreme Court read "an implicit limitation" into the statute, namely that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*,

533 U.S. 678, 689 (2001). In recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable, the Supreme Court adopted a "presumptively reasonable period of detention" of six months. *Id.* "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Here, the parties say nothing about whether Gordon's detention is authorized beyond the removal period, likely because the removal period ended while the petition was being briefed. On this record, there is no basis to find that Gordon's detention is unlawful. The petition will be denied. However, the court observes that "for detention to remain reasonable, as the period of prior postremoval [order] confinement grows, what counts as the reasonably foreseeable future conversely would have to shrink." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). While Gordon may not be entitled to habeas relief now, it does not prevent him from seeking habeas relief at some later date if the government continues to detain him for a significant period of time.

For these reasons, the court **DENIES** the petition (ECF 1) and **DIRECTS** the clerk to close this case.

SO ORDERED on July 9, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

6